The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on April 19, 2021, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: April 19, 2021



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Chapter 7 |
| SIAN M. MURPHY,<br>　　Debtor. | Case No. 20-11873 |
| | Judge Arthur I. Harris |
| RICHARD A. BAUMGART,<br>　　Plaintiff. | Adversary Proceeding<br>No. 20-1070 |
| v. | |
| SAVANI PROPERTIES LTD,<br>　　Defendant. | |

MEMORANDUM OF OPINION[1]

This case is currently before the Court on the motion for summary judgment of the creditor-defendant, Savani Properties LTD ("the creditor"). The creditor contends that it is entitled to summary judgment in this preference avoidance

---

[1] This Opinion is not intended for official publication.

action by the chapter 7 trustee under the "ordinary course of business exception" in 11 U.S.C. § 547(c)(2) because the rent payments at issue were made in the ordinary course of business between the debtor and the creditor. The trustee argues that because not every rent payment made by the debtor to the creditor was late, and because the payments varied in exactly how late they were, the ordinary course of business exception does not apply. For the reasons that follow, the creditor's motion for summary judgment is granted.

JURISDICTION

This Court has jurisdiction over this action. Proceedings to avoid and recover preferential transfers are core proceedings under 28 U.S.C. § 157(b)(2)(F). This Court has jurisdiction over core proceedings under 28 U.S.C. §§ 157(a) and 1334 and Local General Order No. 2012-7, entered by the United States District Court for the Northern District of Ohio.

BACKGROUND

Unless otherwise indicated, the facts described below are not in dispute. The creditor owns and manages Princeton Park Apartments ("the property") in South Euclid, Ohio (Docket No. 2). On September 27, 2018, the debtor, Sian Murphy, signed a lease with the creditor to rent an apartment at the property

2

(Docket No. 7 at Exhibit B). Under the lease, rent in the amount of $775 was due on the first of each month (*Id.*). If the rent was paid after the fifth day of the month, the debtor would incur a late charge of $50 plus $5 for every day that the rent was late (*Id.*). On July 28, 2019, the creditor and debtor renewed the lease on a month-to-month basis, with a rent payment of $840 being due on the first of each month (Docket No. 7 at Exhibit C).

Other than October 2018 and November 2019, the debtor paid rent late every month of the tenancy (Docket No. 7). These payments ranged from being 6 days late to 29 days late (Docket No. 8). The late rent payments, which included the agreed upon late fee, were always accepted by the creditor (Docket No. 7).

On April 7, 2020, the debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (Case No. 20-11873, Docket No. 1). On July 14, 2020, the trustee filed this adversary proceeding to avoid the rent payments made by the debtor to the creditor during the 90 days prior to the filing of the bankruptcy petition under 11 U.S.C. § 547 (Docket No. 1). On August 14, 2020, the creditor filed an answer in which it raised affirmative defenses and argued that the transfers were not subject to avoidance under the exceptions for contemporaneous exchanges under 11 U.S.C. § 547(c)(1) and transfers made in the

3

ordinary course of business under § 547(c)(2) (Docket No. 4). On January 14, 2021, the creditor filed a motion for summary judgment arguing that the rent payments cannot be avoided due to the ordinary course of business exception under § 547(c)(2) (Docket No. 7). On January 28, 2021, the trustee filed a response in which he argued that because there is no pattern as to how late the rent payments were made, and because not every rent payment the debtor made was late, the motion for summary judgment should be denied (Docket No. 8).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 was amended in 2010; however, "[t]he commentary to Rule 56 cautions that the 2010 amendments were not intended to effect a substantive change in the summary-judgment standard." *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*,

671 F.3d 564, 569 (6th Cir. 2012) (citation omitted). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Id.* at 570.

## DISCUSSION

A trustee may avoid a debtor's transfer of property to a creditor made prior to the filing of a bankruptcy petition if the transaction meets certain elements:

> (b) . . . [T]he trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made—
>
> (A) on or within 90 days before the date of the filing of the petition; or
>
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if—
>
> (A) the case were a case under chapter 7 of this title;

5

>>(B) the transfer had not been made; and

>>(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). In this case, the creditor "disputes that the [trustee] can satisfy all these elements at trial[,]" but argues that even if the trustee can meet those elements, the creditor is entitled to summary judgment based on the ordinary course of business defense (Docket No. 7).

Even if all of the elements of § 547(b) are met,

>(c) The trustee may not avoid under this section a transfer—

>>(2) to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was—

>>>(A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or

>>>(B) made according to ordinary business terms[.]

11 U.S.C. § 547(c)(2). The creditor or other party in interest has the burden of proving the nonavoidability of a transfer under § 547(c). 11 U.S.C. § 547(g).

Prior to the 2005 amendments to § 547(c)(2) under the Bankruptcy Abuse Prevention and Consumer Protection Act, a creditor or party in interest objecting to avoidance had to show that the transactions were made in both the ordinary course of business between the parties and ordinary business terms based on industry

standards. *See* Pub. L. 103-394, 108 Stat. 4121; *see also Yurika Foods Corp v. United Parcel Serv. (In re Yurika Foods Corp.)*, 888 F.2d 42 (6th Cir. 1989); *Luper v. Columbia Gas of Ohio, Inc. (In re Carled, Inc.)*, 91 F.3d 811 (6th Cir.1996). However, under the current version of the statute, a party must only show that the transfers satisfy one of those elements. 11 U.S.C. § 547(c)(2). Here, the creditor claims that the rent payments were made according to the ordinary course of business between the debtor and the creditor. The creditor does not argue that the transfers should not be avoided under the ordinary business terms exception.

In considering whether the payments were made in the ordinary course of business between the parties, courts consider the timing of the transfers, the amount and manner of the transfers, and the circumstances under which the transfers were made. *Yurika*, 888 F.2d at 45. "[E]ven if the debtor's business transactions were irregular, they may be considered 'ordinary' for purposes of 547(c)(2) if those transactions were consistent with the course of dealings between the particular parties." *Id.* (internal quotations omitted). Therefore, even late payments may be considered the ordinary course of business if that is the usual course of dealing between the parties. *See id.* (finding that the payments were

7

made in the ordinary course of business between the parties when 87% of payments were made late, and over half were more than 7 days late); *Luper v. Columbia Gas of Ohio, Inc. (In re Carled, Inc.)*, 91 F.3d 811 (6th Cir.1996) (finding that the payments were made in the ordinary course of business between the parties when 64 of 69 payments were late, and the debtor frequently waited for a termination notice before making payments); *see also* 5 Collier on Bankruptcy ¶ 547.04 (16th 2021) ("A payment that is made beyond invoice or contract terms may still be considered in the ordinary course for purposes of subparagraph (A) if late payments were the standard course of dealing between the parties."). "Late payments do not prevent a court from finding that section 547(c)(2)(A) applies when there is a pattern of late payments in both the historical and preference periods, thereby showing their ordinariness." *In re Powerwave Techs., Inc.*, No. 13-10134 (MFW), 2017 WL 1373252, at *4 (Bankr. D. Del. Apr. 13, 2017).

In the trustee's response to the creditor's motion for summary judgment, the trustee lays out the history of the debtor's rent payments to the creditor (Docket No. 8). Although the trustee points out that the debtor's rent payments were not always late, the trustee's own filing shows that during the 20 months of the tenancy the debtor paid rent on time only twice: once in November 2019, and

once in October 2018, which was the first month of the lease (*Id.*). The debtor's rent payments were late for each of the other 18 months of her tenancy.

This is not a case in which the debtor's payment history was wildly erratic and varied greatly from month to month. Except for the two payments made on time, the debtor's rent payments were never more than 29 days late. The payments, although almost always late, were all made within a month of coming due. For example, the debtor never fell months behind and then came in with months of back rent. A 29-day range is not so extraordinary to make the rent payments fall outside the ordinary course of business between the parties.

The nature of the transfers also supports the conclusion that the rent payments were made in the ordinary course of business. "Paying rent due to a lessor, whether current or past due, is part of the ordinary course of business under any lease." *Grogan v. Laland Inv., et al. (In re Garrett Tool & Eng'g, Inc.)*, 273 B.R. 123, 127 (E.D. Mich. 2002). This is especially true if "there were no unusual circumstances [], such as accelerating lease payments, that would make [a] situation seem to not be in the usual course." *Id.* Although the debtor's payments were virtually always late, they were in fact ordinary rent payments between tenant and landlord. There were no exceptional or unusual circumstances to indicate that

9

the rent payments were not made in the ordinary course of business under the lease.

## CONCLUSION

For the reasons stated above, the creditor's motion for summary judgment is granted.

IT IS SO ORDERED.